ROTH, Circuit Judge,
dissenting.
I respectfully dissent. I disagree with the majority that the denial of plaintiffs’ motion for a preliminary injunction would not result in irreparable harm. The plaintiff dancers have already suffered irreparable harm and will continue to suffer irreparable harm if their motion for a preliminary injunction is not granted.
As to the plaintiffs’ facial challenge to § 4-493(10), the majority simply assumes likelihood of success on the merits only to conclude that the plaintiffs did not meet their burden of proving irreparable harm. I find it relevant to the discussion of irreparable harm to first consider the plaintiffs’ probability of success on their facial challenge.
I. Probability of success on the merits
The majority notes that the plaintiffs “have made a strong case that the statute is overbroad.” Majority at 441. Indeed, this overbreadth argument has merit and presents a ground upon which plaintiffs are likely to succeed in their challenge of the constitutionality of § 4-493(10).
“A regulation is unconstitutional on its face on overbreadth grounds where there is ‘a likelihood that the statute’s very existence will inhibit free expression’ by ‘inhibiting the speech of third parties who are not before the Court.’ ” Saxe v. State College Area Sch. Dist., 240 F.3d 200, 214 (3d Cir.2001) (quoting Members of City Council v. Taxpayers for Vincent, 466 U.S. 789, 799, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984)). It is, of course, necessary to *444 proceed with caution and restraint when considering a facial challenge. Erznoznik v. City of Jacksonville, 422 U.S. 205, 216, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975). Nevertheless, § 4 — 493(10) runs afoul of the overbreadth doctrine by penalizing a “substantial amount of speech that is constitutionally protected.” Forsyth County, Georgia v. Nationalist Movement, 505 U.S. 123, 129, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)).
As an initial matter, § 4-493(10)’s language prohibiting “lewd, immoral, or improper entertainment” in a liquor-licensed establishment encompasses a wide range of constitutionally protected expression. The reach of § 4-493(10) was substantially expanded when the legislature extended its coverage to include all places “operated in connection” with licensed premises, including a vast number of halls or theaters in which live musical, concert, dance, ballet, and “legitimate” play productions are performed. 47 P.S. § 4-493(10); 47 P.S. § 4413(g); 47 P.S. § 1-102. Thus, the Liquor Code establishes a standard of propriety governing a number of plays, musicals, concerts, political satires, comedies, ballets, dramas, singing performances, dancing performances, poetry readings, and art shows throughout Pennsylvania. It gives Pennsylvania police officers wide latitude to choose which one of these performances to penalize on the ground that they are lacking in propriety. Indeed, the Commonwealth admitted as much at oral argument, when it stated that, in theory, officers could cite a performance of the musical “Hair” under § 4-493(10).[4]
By its terms, therefore, § 4^-493(10) prohibits a great deal of protected speech. The overbreadth doctrine does not allow such chilling of free expression if it could be avoided by a more carefully drafted statute. Reno v. ACLU, 521 U.S. 844, 874, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997); Erznoznik, 422 U.S. at 217-18, 95 S.Ct. 2268 (“precision of drafting and clarity of purpose are essential” where First Amendment freedoms are at stake); Carandola, Ltd. v. Bason, 303 F.3d 507, 516-18 (4th Cir.2002). The Pennsylvania legislature violated this requirement when it imposed the far-reaching prohibitions of § 4-493(10).
Unable to defend § 4-493(10) as it is written, the Commonwealth vigorously argues that the statute’s application is not nearly as broad as its terms suggest. At oral argument, the Commonwealth asserted that the statute operates only as a prohibition on nude dancing. Thus, it reasons, § 4-493(10) would seem no more objectionable than ordinances approved by the Supreme Court in City of Erie v. Pap’s AM., 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) and Barnes v. Glen Theater, Inc., 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991).
Here though, the reach of § 4-493(10) exceeds the narrow construction proffered by the Commonwealth on appeal. Because of the breadth of § 4-493(10)’s language, it is not clear what entertainment the Pennsylvania regulators will penalize. Would it be immoral or improper to celebrate Bloomsday by reading aloud from James Joyce’s Ulysses in an Irish pub? And how would the Liquor Commission view “brew and view” theaters showing films such as Trainspotting, American Pie, or Lolita? These questions become increasingly troublesome in light of the sheer amount of entertainment at performing arts facilities *445 that is now subject to this vague standard of propriety. See Ways v. City of Lincoln, Neb., 274 F.3d 514, 519 (8th Cir.2001) (when finding that ordinance prohibiting “sexual contact” was overbroad, court found ordinance’s broad application to artistic venues “most significant” in distinguishing it from more limited ordinances that were constitutional). A broad array of entertainment appears well within the bounds of the state’s regulatory authority under § 4-493(10), but there is no way to tell whether certain performances would in fact be banned. The broad terms of § 4-493(10) leave such decisions to the discretion of Pennsylvania officials and, in so doing, those terms violate the requirements of the First Amendment. This unbridled government discretion, leaving a wide degree of latitude for value judgments as to artistic merit, is precisely what the First Amendment does not allow. See Carandola, 303 F.3d at 516-18.
Thus, the fact that § 4-493(10) creates a standard of propriety applicable to a broad array of entertainment throughout Pennsylvania cannot be avoided. The statute’s terms create such a real and substantial restriction on speech that they violate the overbreadth doctrine. The District Court erred by overlooking this meritorious legal argument when it denied plaintiffs’ request for a preliminary injunction.
Furthermore, Pap’s A.M. v. City of Erie, 571 Pa. 375, 812 A.2d 591 (2002) and Purple Orchid Inc. v. Pennsylvania State Police, 572 Pa. 171, 813 A.2d 801 (2002), the two recently decided Pennsylvania Supreme Court cases that the majority discusses briefly, illustrate that the Pennsylvania Supreme Court, when confronted with the right challenge, will have the opportunity to address the overbroad nature of § 4-493(10).
In Pap’s AM. v. City of Erie, the Pennsylvania Supreme Court held that the City of Erie’s public decency ordinance violated the freedom of expression provision of Article I, § 7 of the Pennsylvania Constitution, and severed the unconstitutional provisions from the ordinance. 812 A.2d at 602-03. Because the court held that the ordinance violated the Pennsylvania Constitution, it did not go on to consider whether the ordinance was unconstitutionally overbroad, an issue on which the court had requested the parties to provide briefing. Id. at 599, 613 n. 11.
In Purple Orchid Inc. v. Pennsylvania State Police, the Pennsylvania Supreme Court affirmed the Commonwealth Court’s decision that § 4-493(10) does not violate the First Amendment of the U.S. Constitution. The court held that § 4-493(10), as applied to nude dancing in an establishment holding a liquor license, is a content-neutral restriction on expressive conduct which must be subjected to intermediate scrutiny under the four-factor O’Brien test. Purple Orchid, 813 A.2d at 809, 812.
The court was careful, however, to point out what it was not deciding. The court did not address whether § 4-493(10) violates the guarantee of freedom of expression found in Article I, § 7 of the Pennsylvania Constitution. Nor did the court address whether § 4-493(10) is unconstitutional for vagueness, because lewd, immoral, or improper entertainment is incapable of being discerned in advance, or whether § 4-493(10) is unconstitutionally overbroad. The court held that the appellants had waived those issues. Id. at 804-OS. The court in Purple Orchid made very clear that it was interpreting § 4-493(10) only as applied to the nude dancing involved there. The language of § 4— 493(10) is certainly broader than a ban on nudity. Indeed, as the court noted, “nudity, much less nude dancing” is not specifically mentioned in the statute. Id. at 809.
*446 II. Irreparable Injury
Because the District Court failed to recognize that § 4-493(10)’s restrictions violate the First Amendment, it also failed to properly analyze irreparable injury. When the record considered by the District Court is evaluated under the proper legal standard, it is plain that the court abused its discretion when it denied plaintiffs’ request for a preliminary injunction.
First, irreparable injury should have been considered under the general rule that the “loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.” Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Plaintiffs have shown irreparable injury under this rule.
The entertainment regulated by § 4-493(10) is not limited to the spoken or written word. It is not, however, just the spoken or written word which is protected by the First Amendment. Conduct other than that which is spoken or written may also be protected if it presents “sufficient communicative elements” to constitute expression. Texas v. Johnson, 491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989). There is no doubt that dancing may contain sufficient communicative elements to justify First Amendment protections. See Schad v. Borough of Mount Ephraim, 452 U.S. 61, 66, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981) (“nude dancing is not without its First Amendment protections from official regulation”).
Because dancing is conduct that may be protected by the First Amendment, the fact that the dancing is erotic or sexually suggestive does not then strip it of its First Amendment protection. Such dancing receives the same degree of protection as other forms of communication. As we have stated, “[sjpeech, be it in the form of film, live presentations, or printed matter, that is sexually explicit in content but not ‘obscene’ is protected under the First Amendment.” Phillips v. Borough of Keyport, 107 F.3d 164, 172 (3d Cir.1997) (en banc); see also Sable Communications v. FCC, 492 U.S. 115,128,109 S.Ct. 2829,106 L.Ed.2d 93 (1989) (“Sexual expression which is indecent but not obscene is protected by the First Amendment”).
Plaintiff Gail Baker testified that Pennsylvania’s regulations inhibit her performances because she is required by her employer to wear latex covering over her nipples when dancing and because, when dancing, “I really don’t know if what I’m doing is going to be interpreted as illegal — I can move my hips a certain way and maybe, that would be interpreted as illegal.” Plaintiff Sabrina Barrar also testified that the law creates “a cloud ... over my performance, because your rendition of lewd and mine, might be two different things and I feel that it holds back on everything you do as a dancer....”
The plaintiffs are subject to prosecution under an unconstitutional statute, and plaintiffs Barrar and Baker testified that because of their uncertainty as to what the regulation prohibits and their fear of being found in violation, they have had to restrain their performances. Thus, plaintiffs have shown § 4-493(10) to have a “chilling effect on free expression.” Hohe v. Casey, 868 F.2d 69, 73 (3d Cir.1989) (quoting Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965)). See also Carandola, 303 F.3d at 521 (citing Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) in support of finding irreparable injury resulting from threat of enforcement of public decency statute).
The majority concludes that the plaintiffs have not shown irreparable injury because there was no real or immediate *447 threat to their own First Amendment rights when they requested a preliminary injunction. Majority at 442-443. The majority also stated:
It is important to note that the plaintiffs have not made an as-applied argument on appeal, and accordingly they have not shown that the statute likely violates their own First Amendment rights by inhibiting their dancing in the ways noted above. In view of this fact, the fact that the only apparent effects on the dancers are self-imposed, the fact that the statute has not been enforced or threatened to be enforced against the plaintiffs, and the fact that no economic harm has been claimed, we cannot say that the District Court erred in concluding that irreparable harm was not established.
Majority at 443.
Even though the plaintiffs may not have made an as-applied argument on appeal, they have shown that § 4-493(10) violates their own First Amendment rights by inhibiting their dancing. Injury to the plaintiffs’ own First Amendment rights was both “threatened and occurring at the time of the ... [plaintiffs’] motion” for a preliminary injunction. Elrod, 427 U.S. at 374, 96 S.Ct. 2673. The overbroad nature of § 4-493(10) operates to unconstitutionally constrain the plaintiffs’ First Amendment right to free expression. What the plaintiff dancers say they feel they cannot do may seem trivial to some, but as the District Court noted in the preliminary injunction hearing, it is not trivial to the dancers. Moreover, the plaintiff dancers’ fear of being found in violation of § 4-493(10) is reasonable in light of the breadth of the statute. This constraint is the loss of a First Amendment freedom which “unquestionably constitutes irreparable injury.” Elrod, 427 U.S. at 373, 96 S.Ct. 2673.
Even though § 4-493(10) has not been enforced against the plaintiffs, the defendant admitted in its amended answer to plaintiffs’ complaint that the Bureau of Liquor Control Enforcement has cited restaurant and club licensees for violations of § 4-493(10). Moreover, the statute has been enforced in similar circumstances, as shown in Purple Orchid Inc. v. Pennsylvania State Police, 572 Pa. 171, 813 A.2d 801 (2002). The defendant offered no evidence that it does not intend to cite the plaintiffs for a violation of § 4-493(10), and there is no reason to believe that the defendant will not subject the plaintiffs to the same citations it has issued to other restaurants and clubs if the injunction is not granted. What follows is that, if the plaintiffs’ motion for a preliminary injunction is not granted, the defendants are free to enforce this unconstitutionally overbroad statute against the plaintiffs. In light of this reality, it is reasonable to conclude that the plaintiffs are in fact threatened with imminent enforcement of the statute, and therefore face irreparable injury. See 414 Theater Corp. v. Murphy, 499 F.2d 1155, 1160 (2nd Cir.1974) (finding irreparable injury because widespread enforcement and attempted enforcement against others constituted threat of imminent prosecution).
The plaintiffs have alleged a loss of First Amendment freedoms, even though an allegation of economic loss alone may have been sufficient to show irreparable injury. See Doran v. Salem Inn. Inc., 422 U.S. 922, 930-931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). In Doran v. Salem Inn. Inc., three businesses that operated bars with topless dancing brought an action challenging an ordinance requiring the dancers to wear bikini tops and sought a preliminary injunction from enforcement of the ordinance. The day after commencing the action, one of the businesses resumed providing topless dancing, and the town served criminal summonses on the busi *448 ness and its dancers for violating the ordinance. The other two businesses complied with the ordinance. Doran, 422 U.S. at 924-925, 95 S.Ct. 2561. As to the two complying businesses, the Supreme Court held that the district court did not abuse its discretion when it granted their request for a preliminary injunction because an allegation of loss of business and potential bankruptcy was sufficient to show irreparable injury, even though no state proceedings had been commenced against them. Id. at 930, 932, 95 S.Ct. 2561. Here, the plaintiffs have alleged more than economic injury. They have alleged a loss of First Amendment freedoms as a result of an unconstitutionally overbroad statute. Whereas economic loss may have an adequate remedy at law, there is no remedy at law to compensate for the loss of First Amendment freedoms. Thus, the plaintiffs have satisfied their burden of proving irreparable harm.
Finally, the constraint on the dancers’ free expression is not self-imposed. The unconstitutionally overbroad statute places the plaintiff dancers in the unfortunate position of having to choose between exercising their First Amendment rights and facing the prospect of violating § 4-493(10) or changing the way they exercise their First Amendment rights. Whatever the dancers choose, irreparable injury results. The first choice,
violating the law to exercise one’s constitutional rights and awaiting the sure hand of the law- — itself may cause ... irreparable injury both economic (in the form of loss of revenue because customers are fewer and increase in costs due to the difficulty of finding employees willing to risk arrest, prosecution and possible imprisonment) and personal (the freedom to exercise first amendment rights without genuine fear of prosecution).
414 Theater Corp., 499 F.2d at 1160. The second choice also “involves a deprivation of ... [the plaintiffs’] first amendment rights ... and in itself constitutes irreparable injury justifying injunctive relief, because there is no means to make up for the irretrievable loss of that which would have been expressed.” Id. at 1160.
It is not fair to say that the dancers’ restraints are self-imposed when the unconstitutional statute is responsible for placing the plaintiffs in the position of having to make this choice. The statute’s creation of this choice causes irreparable injury when the result, as it is here, is the constraint of First Amendment expression.
The First Amendment right to free speech is “fragile” and “easily chilled.” Dolan v. City of Tigard, 512 U.S. 374, 407, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994) (internal quotation omitted). First Amendment freedoms are “so fundamental that the spectre of punishment, or the uncertainty created by a vaguely worded prohibition of speech, is injurious.... ” Ruocchio v. United Transportation Union, Local 60, 181 F.3d 376 (3d Cir.1999) (quoting Mallick v. International Brotherhood of Electrical Workers, 644 F.2d 228 (3d Cir.1981)) (also noting, in the context of standing, that “the possibility of future charges based on the challenged prohibitions, could have a substantial chilling effect on plaintiffs’ ... exercise of their free speech rights”). Once the unconstitutional nature of § 4-493(10) is taken into account, it is clear that plaintiffs’ free speech rights have been chilled under the statute’s unconstitutional requirement that their performances meet a certain level of propriety.
III.
For the foregoing reasons, I would reverse the order of the District Court deny *449 ing plaintiffs’ request for a preliminary injunction.

. In the context of a prior restraint analysis, the Supreme Court has held that "Hair” is protected speech despite its use of "group nudity and simulated sex.” Southeastern Promotions Ltd. v. Conrad, 420 U.S. 546, 550, 557-58, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975).